UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| John Porter,<br><br>　　　　Plaintiff(s),<br><br>vs.<br><br><br>Alaska Airlines, Inc.,<br><br>　　　　Defendant(s). | 2:25-cv-02104-APG-MDC<br><br>**ORDER GRANTING IFP APPLICATION (ECF No. 3) AND SCREENING COMPLAINT** |

　　　Pro se plaintiff John Porter filed a *Motion/Application to Proceed In Forma Pauperis* ("IFP") and *Complaint*. *ECF No. 3 and 3-1*. This is an employment discrimination case against a single defendant, Alaska Airlines. Alaska Airlines appeared through counsel and filed an answer to the complaint, prior to screening. *ECF No. 8*. The Court now GRANTS the IFP application and screens the complaint.

**I.　　WHETHER PLAINTIFF MAY PROCEED IN FORMA PAUPERIS**

　　　Plaintiff's IFP application is reasonably complete. *ECF No. 3*. Plaintiff is employed, but he has minimal assets. *Id*. The Court grants plaintiff's IFP application.

**II.　　WHETHER PLAINTIFF'S COMPLAINT STATES A PLAUSIBLE CLAIM**

　**A.　Legal Standard**

　　　Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915(e)(2). "To survive a motion to dismiss, a

1

1  complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible
2  on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted).
3        In considering whether the plaintiff has stated a claim upon which relief can be granted, all material
4  allegations in the complaint are accepted as true and are to be construed in the light most favorable to the
5  plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). When a court dismisses a complaint
6  under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing
7  its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by
8  amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

9    **B. Complaint**

10        Plaintiff brings claims for disability discrimination, retaliation, a hostile work environment,
11  assault, and false imprisonment. *ECF No. 3-1*. Plaintiff alleges this Court has jurisdiction pursuant to
12  federal question jurisdiction. *Id*. Plaintiff brings multiple federal claims so has adequately plead federal
13  question jurisdiction. Plaintiff's complaint is short and plain, pursuant to Rule 8, and is plausible on its
14  face The plausibility of plaintiff's claims are further supported by the fact that Alaska Airlines filed an
15  answer to the complaint rather than a motion to dismiss. Construing plaintiff's allegations in the light
16  most favorable to plaintiff, the Court finds that plaintiff has asserted a claim upon which relief can be
17  granted. See *Russell*, 621 F.2d at 1039.

24  //

**IT IS ORDERED** that:

1. Plaintiff's *Application to Proceed In Forma Pauperis* (ECF No. 3) is **GRANTED**. Plaintiff is permitted to maintain this action without the necessity of prepayment of fees or costs or the giving of security.

2. The Clerk of the Court is **DIRECTED** to file the complaint (ECF No. 3-1) on the docket.

3. The defendant has already appeared and filed an **ANSWER** (ECF No. 8), which will serve as the answer to the complaint on the docket.

Dated: December 18, 2025.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**